## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:09CR31 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | |
| TERRELL L. McGHEE, | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion to suppress filed by the defendant Terrell L. McGhee (McGhee) (Filing No. 29). McGhee is charged in the Indictment with a conspiracy to distribute and possess with intent to distribute "crack" cocaine during the period of March 14, 2008, to March 24, 2008 (Count I), in violation of 21 U.S.C. § 846, and the distribution of "crack" cocaine on March 14, 2008 (Count II), March 21, 2008 (Count III), and March 24, 2008 (Count IV), in violation of 21 U.S.C. § 841(a)(1). McGhee seeks to suppress the search of his cell phone seized from him at the time of his arrest.

An evidentiary hearing was held on McGhee's motion on April 3, 2009. McGhee was present for the hearing along with his counsel, Federal Public Defender David R. Stickman. The United States was represented by Assistant U.S. Attorney Thomas J. Kangior. During the hearing, the court heard the testimony of Officer James Paul (Officer Paul) of the Omaha Police Department (OPD). A transcript of the hearing (TR.) was filed on April 8, 2009 (Filing No. 37). On April 23, 2009, the court requested supplemental briefing based on **Arizona v. Gant**, 129 S. Ct. 1710 (2009). The defendant filed a post-hearing brief (Filing No. 40) on April 24, 2009. The United States filed a post-hearing brief (Filing No. 41) on April 29, 2009, whereupon the motion to suppress was deemed submitted.

## FINDINGS OF FACT

The Indictment against McGhee set forth above was filed on January 22, 2009 (Filing No. 1). On January 23, 2009, a warrant was issued for McGhee's arrest (Filing No. 4). On January 27, 2009, Officer Paul and members of the OPD Gang Intelligence Unit along with

various other law enforcement agency arrest teams were on the streets of Omaha executing arrest warrants for various individuals, including McGhee, who had been indicted by the Federal Grand Jury the week before (TR. 6-7). McGhee was arrested in the vicinity of the 4500 block on Nebraska Avenue by members of the Nebraska State Patrol (NSP) and OPD Sergeant Lori Long (TR. 7). McGhee was searched pursuant to the arrest and Sergeant Long took possession of a cell phone removed from McGhee's person (TR. 9). Sergeant Long scanned the saved contact list and then drove to Officer Paul's location and provided the cell phone to Officer Paul (TR. 9; 11). Officer Paul then fully documented the saved contact list and documented the list in an FBI report (TR. 10). Officer Paul was aware McGhee was indicted for a conspiracy in trafficking in "crack" cocaine, but he was unsure of the dates of the charged conspiracy (TR. 11). No search warrant was obtained in order to search McGhee's cell phone (TR. 11).

## LEGAL ANALYSIS

McGhee asserts the warrantless search of his cell phone must be suppressed as a violation of his Fourth Amendment rights. The government asserts the search of the cell phone was incident to McGhee's arrest and constitutes an exception to the warrant requirement of the Fourth Amendment.

In today's world, cell phones may contain a vast array of information which would be expected to be free from intrusion by the general public and the government. *United States v. Finley*, 477 F. 3d 250, 259 (5th Cir. 2007). As such, McGhee had a reasonable expectation of privacy in the contents of his cell phone. Consequently, the Fourth Amendment required law enforcement officers to obtain a warrant to search the cell phone unless a recognized exception to the warrant requirement existed. Among the well recognized exceptions to the warrant requirement is a search incident to arrest. *United States v. Robinson*, 414 U.S. 218, 224 (1973). Further, prior to April 21, 2009, upon arrest, the so-called automobile exception to the warrant requirement allowed the search of closed containers found in a vehicle without a warrant or further showing of probable cause. **See** *New York v. Belton*, 453 U.S. 454, 461 (1981) (noting "lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have"); *United States v.*

*Hrasky*, 453 F.3d 1099, 1100 (8th Cir. 2006); *United States v. Harris*, 956 F.2d 177, 179 (8th Cir. 1992). Accordingly, the government argues search of the cell phone's contents is legally justified when conducted incident to arrest for the purpose of searching for evidence of a crime.

However, on April 21, 2009, the United States Supreme Court held law enforcement may search a vehicle incident to a lawful arrest only when "it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Gant*, 129 S. Ct. at 1719. The government contends the *Gant* opinion has no applicability to the instant case. In contrast, McGhee argues *Gant* highlights the reasons why officers lacked justification to search the contents of the cell phone without a warrant.[1]

Officers making an arrest on an outstanding warrant may conduct a search of the arrestee incident to that arrest. *United States v. Thomas*, 524 F.3d 855, 859 (8th Cir. 2008). "There is ample justification . . . for a search of the arrestee's person and the area 'within his immediate control'-construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Chimel v. California*, 395 U.S. 752, 763 (1969). However, as noted by the *Gant* opinion, "[i]f there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search, both justifications for the search-incident-to-arrest exception are absent and the rule does not apply." *Gant*, 129 S. Ct. at 1716.

In this case, McGhee was arrested pursuant to an arrest warrant based on a conspiracy to distribute drugs and for distribution of drugs during March 2008. The arrest took place in January 2009. Under these circumstances, it was not reasonable for the officers to believe a search of McGhee's cell phone would produce evidence related to the crime for which he was arrested. Moreover, although McGhee had the cell phone within his immediate control, the cell phone did not present a risk of harm to the officers. Additionally, no evidence suggests the cell phone appeared to be or to conceal contraband or other destructible evidence. Therefore, the officers were not justified in conducting a warrantless

---

[1] The defendant does not challenge the seizure of his cell phone. **See** TR. 15; **see also** *United States v. Mendoza*, 421 F.3d 663, 668 (8th Cir. 2005) (the search of his person and seizure of his cellular phone were valid as a search incident to a lawful arrest).

search of McGhee's cell phone as incident to his arrest.  There is no evidence before the court regarding the circumstances of McGhee's arrest which would otherwise justify the warrantless search of the cell phone.  Upon consideration,

**IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP that:**

McGhee's motion to suppress (Filing No. 29) be granted.

## ADMONITION

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 19th day of June, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge