IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR31 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| TERRELL L. McGHEE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 42) issued by Magistrate Judge Thomas D. Thalken recommending that the Defendant's motion to suppress (Filing No. 29) be granted. The government filed a "response," considered as a statement of objections to the Report and Recommendation as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a). (Filing No. 43.)

**FACTUAL BACKGROUND**

The Defendant, Terrell L. McGhee, is charged in a four-count Indictment with: conspiring from approximately March 14, 2008, through March 24, 2008, to distribute and possess with intent to distribute crack cocaine (Count I); and distributing cocaine base on or about March 14, 21, and 24, 2008 (Counts II-IV). McGhee seeks the suppression of evidence obtained as a result of the January 27, 2009, warrantless search of his cell phone.

On January 27, 2009, McGhee was arrested pursuant to an arrest warrant. During a search pursuant to his arrest, Omaha Police Sergeant Long removed McGhee's cell phone from his person,[1] scanned the saved contact list, and gave the phone to Officer Paul. Officer Paul fully documented the saved contact list and documented the list in an FBI report. Officer Paul did not know the dates of the alleged drug crimes.

---

[1] McGhee does not contest the seizure of his phone.

Judge Thalken concluded: cell phones may now contain a vast amount of private information; McGhee had a reasonable expectation of privacy in the contents of his cell phone; it was not reasonable for the officer to believe that McGhee's cell phone seized in January of 2009 would have information relating to crimes that allegedly occurred March of 2008; the phone did not present a risk of harm to officers or appear to be contraband or destructible evidence; and therefore, officers were not justified in conducting a warrantless search of the cell phone incident to McGhee's arrest.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

The government states in its "objection" that, although it objects to "some of [Judge Thalken's] legal conclusions," the issue is moot because the government does not intend to use any evidence obtained from the phone in its case in chief.

## CONCLUSION

The Report and Recommendation is adopted, and the government's response[2] is overruled insofar as the response is considered as an objection to Judge Thalken's legal conclusions.

---

[2]The Court understands that because the government considers the issue moot, it did not state or brief its objections to Judge Thalken's legal conclusions.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 42) is adopted in its entirety;

2. The government's response is overruled insofar as the response is considered as an objection (Filing No. 43) to the Magistrate Judge's legal conclusions; and

3. The Defendant's motion to suppress (Filing No. 29) is granted.

DATED this 21st day of July, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge